OPINION.
St. Paul, Judge.
This is an action for the return of a deposit made on account of the purchase price of certain property, the title to which is said to be defective; the objection thereto being that certain minor's have an interest in the property which has never been divested.
The facts of the matter are these; Frnest Marchand died owning a third interest in the prooerty. He was survived by a widow in community, Mrs. Georgina Marchand, and four children, to wit, Louis Ernest Marchand, of full age, George D. Marchand, Albert S. Marchand, and Jane D. Marchand, the last three being minors. So that his one third or eight twenty-fourths, vested in his widow for four twenty*fourths, and in his children for one twenty-fourth each.
On September 25th 189b a family meeting, duly convened, authorized the sale of the minor's interest at orivate sale to effect a partition and appraised the whole property at 41200.
This was duly approved and homologated on December Uth, 189b.
On March 11, 1895 the mother asked for and obtained a family meeting to advise the adjudication to herself of the minor's interest at the price fixed by the first family meeting. The family meeting so recommended, and its recommendation was duly approved and homologated; but this was never followed up by a formal judgment adjudicating the property to her, and hence remained without effect. Succession 01 Burguieres 104 La 46.
•Thereafter, towit, on April 2nd 1896, more than a year after the holding of the family meeting and the appraisement made by it, the tutrix sold her interest and that of the minors at private sale for 4300, acting both under the alleged adjudication and under the authority to sell at private sale for a partition. But the sale was to a co-owner, and was not a sale of the whole property.
*12 As we have said, the adjudication to herself was without effect; and as a sale to effect a partition the transfer was also of no effect. First, because at the time the alleged transfer was made it was not lawful to Sell a minor's interest in property at private sale without selling at the same time the whole property; and secondly, becauss the appraisement on which the sale was made and the price fixed, took place more than a year before the sale and had therefore expired, C. C. 1323, 1321;, 1325; Paul vs Lamothe, 36 An 318, 320.
As to the first point (the sale of the minor's share without selling the vhole property) that is cured by the prescription of six months provided in Act 53 of 1912, which runs even against minors; but that prescription runs only when that is the sole objection to the. act.
Other objections, to a partition, however, are cured by no shorter prescription than five years, and that prescription runs against minors .only from their majority. C. C.351;2; Rhodes vs Copper, 113 La 600, 607.
Hence we conclude that it is at least doubtful whether prescription has cured, the title to this property if there be any one whose claims are involved therein and who is still a minor.
And the second shows that there is such a minor. For although George D. Marchand and Albert S. Marchand reached their majority and sold their interests more than five years ago, as shown by the record of Mitchel VS Nagel, No. 93165 C. D. C., yet that same record shows that the third minor, Jane D. Marchand, had died in the meantime;but it does not show when she died or when she reached her majority, if ever. It does show however that she left a daughter named' Julia Schmidt who was still a minor on March 3rd 1911; when her answer was filed in said record.
Under the circumstances, and whilst we disclaim expressing any definite opinion on the rights of said minor, yet we are clearly *? of opinion that until- her outstanding claim be adjusted or judieally passed upon, the title herein tenured to plaintiff is not such as we should compel him to accept.
New Orleans, La. February 25th, 1916.
Her claim may or may not be good, depending upon certain facts not appearing in this record; but it seems, for the present, to be a serious cloud upon -the title held by defendants and should be removed before they can compel a purchaser to accept it.
The judgment appealed from was for plaintiff and we find it correct.
Judgment affirmed.